## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN JOHNSON; RICHARD PIPKINS; MICHAEL AND CHERYL KINARD; LAYTON OVERSTREET; CLEMON AND LOUISE McGILL; JESSE AND ADRA DUNGAN ; WALTER AND SHAWNDREE CAMPBELL; CHARRYL BOWLING; STEPHEN AND APRIL ROLLING; TERESA AND ROY STABLER,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER: 07-648<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in a mortgages upon Plaintiffs' homes, all of which are located in this district.  Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to

cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff has exercised that right by delivering written notice of his or her election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1.     Plaintiffs are all of full age of majority and reside in this district.

2.     Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation

period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.    A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8.    As to each of the Plaintiffs' loans AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9.    With respect to each of the Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently

3

inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned.

10.    Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11.    Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

12.    AMC is a  "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Johnson Loan**

13.    Plaintiff Benjamin Johnson is an adult resident of Mobile County, Alabama and at all material times resided at 966 Shady Brook Dr. in Mobile, Alabama.

14.    On or about November 11, 2004, Mr. Brown obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $95,750.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Johnson Loan").

15.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

16.    With respect to the Johnson Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week"

4

"notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

17.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Johnson retained his right to cancel the transaction.

18.     By letter dated July 5, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

**COUNT I**
**TILA Violations - Johnson**

21.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.     Plaintiff has properly and effectively cancelled and rescinded the Johnson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     Defendant has violated TILA, with respect to the Johnson Loan, in at least the following ways:

       (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

       (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

5

WHEREFORE, Plaintiff Benjamin Johnson respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Johnson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Pipkins Loan**

24.      Plaintiff Richard Pipkins is an adult resident of Mobile County, Alabama and at all material times resided at 4212 Packingham Dr. in Mobile, Alabama.

25.      On or about December 13, 2005, Mr. Pipkins obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $127,500.00 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Pipkins Loan").

26.     AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

27.     With respect to the Pipkins Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Pipkins retained his right to cancel the transaction.

29.     By letter dated August 17, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

30.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT II
## TILA Violations - Pipkins

32.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

33.     Plaintiff has properly and effectively cancelled and rescinded the Pipkins Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34.     Defendant has violated TILA, with respect to the Pipkins Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Richard Pipkins respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Pipkins Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Kinard Loan**

8

35.     Plaintiffs Michael and Cheryl Kinard are married and, at all material times, resided at 11551 Glenwood Circle N. in Wilmer, Alabama.

36.     On or about September 29, 2004, Mr. and Mrs. Kinard obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $72,250.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Kinard Loan").

37.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the Kinard loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38.     With respect to the Kinard loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

39.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Michael and Cheryl Kinard retained their right to cancel the transaction.

40.     By letter dated August 15, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

9

## COUNT III
### TILA Violations - Kinard

43.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45.    Defendant has violated TILA, with respect to the Kinard Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Michael and Cheryl Kinard respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Kinard Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Overstreet Loan**

46.   Plaintiff Layton Overstreet is an adult resident of Baldwin County and, at all material times, resided at 105 Vista Circle in Daphne, Alabama.

47.   On or about August 19, 2005, Mr. Overstreet obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $120,532.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Overstreet Loan").

48.   AMC failed to provide the required notices of the Plaintiff's right to cancel the Overstreet loan. The form notices that were supplied to Mr. Overstreet were blank, unsigned and not dated. At no point at or after closing was Mr. Overstreet provided a completed, dated or signed notice of his right to cancel the transaction.

49.   With respect to the Overstreet Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50.   As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Overstreet retained his right to cancel the transaction.

51.   By letter dated August 17, 2007, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

52.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the

11

security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

**COUNT IV**
**TILA Violations - Overstreet**

54.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

55.     Plaintiff Layton Overstreet has properly and effectively cancelled and rescinded the Overstreet Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendant has violated TILA, with respect to the Overstreet Loan, in at least the following ways:

        (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

        (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Layton Overstreet respectfully request that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

        A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

        B)     Actual damages in an amount to be determined at trial;

        C)     Rescission of the Overstreet Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

        D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

12

E)   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The McGill Loan**

57.   Plaintiffs Clemon and Louise McGill are married and, at all material times, resided at 1221 Busey Avenue in Brewton, Alabama.

58.   On or about August 18, 2004, Mr. and Mrs. McGill obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $83,000.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "McGill Loan").

59.   AMC failed to provide the required notices of the Plaintiffs' right to cancel the McGill loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60.   With respect to the McGill loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

61.   As a result of AMC's failure to provide the notices and disclosures required by TILA. Plaintiffs Clemon and Louise McGill retained their right to cancel the transaction.

13

62.     By letter dated May 18, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

63.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT V
## TILA Violations - McGill

65.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67.     Defendant has violated TILA, with respect to the McGill Loan, in at least the following ways:

        (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

        (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Clemon and Louise McGill respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

14

C)      Rescission of the McGill Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Dungan Loan**

68.      Plaintiffs Jesse and Adra Dungan are married and, at all material times, resided at 604 Walker Springs Road in Jackson, Alabama.

69.      On or about June 3, 2005, Mr. and Mrs. Dungan obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $66,400.00 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Dungan Loan").

70.      AMC failed to provide the required notices of the Plaintiffs' right to cancel the Dungan loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

71.      With respect to the Dungan loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent

15

with the required notice and with the statutory cancellation period provided by TILA. The "One-Week notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

72.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Jesse and Adra Dungan retained their right to cancel the transaction.

73.    By letter dated May 10, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

74.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

### COUNT VI
### TILA Violations - Dungan

76.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

77.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78.    Defendant has violated TILA, with respect to the  Dungan Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

16

WHEREFORE, Plaintiffs Jesse and Adra Dungan respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Dungan Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Campbell Loan**

79.   Plaintiffs Walter and Shawndree Campbell are married and, at all material times, resided 1634 Weaver Dr.in Eight Mile, Alabama.

80.   On or about January 12, 2005, Mr. and Mrs. Campbell obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $114,750.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Campbell Loan").

17

81.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the Campbell loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

82.     With respect to the Campbell loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

83.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Walter and Shawndree Campbell retained their right to cancel the transaction.

84.     By letter dated August 24, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

85.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

86.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

**COUNT VII**
**TILA Violations - Campbell**

87.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

88.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

89.     Defendant has violated TILA, with respect to the Campbell Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Walter and Shawndree Campbell respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Campbell Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Bowling Loan**

90.     Plaintiff Charryl Bowling is an adult resident of Baldwin County, Alabama and at all material times resided at 23432 Wilson Dr. in Loxley, Alabama.

91.     On or about February 2, 2006, Ms. Bowling obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $135,000.00 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Bowling Loan").

92.     AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

93.     With respect to the Bowling loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

94.     As a result of AMC's failure to provide the notices and disclosures required by TILA. Ms. Bowling retained her right to cancel the transaction.

95.     By letter dated August 7, 2007, Plaintiff, through his attorney, notified AMC of her election to rescind the loan.

96.     Despite having received notice of Plaintiff's election to cancel the transaction. Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

97.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT VIII
### TILA Violations - Bowling

98.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

99.     Plaintiff has properly and effectively cancelled and rescinded the Bowling Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

100.    Defendant has violated TILA, with respect to the Bowling Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Charryl Bowling respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Bowling Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Rollin Loan**

101.    Plaintiffs Stephen and April Rollin are married and, at all material times, resided 12515 East Alabama St. in Elberta, Alabama.

102.    On or about October 4, 2005, Mr. and Mrs. Rollin obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $78,500.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Rollin Loan").

103.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Rollin loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

104.    With respect to the Rollin loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

105.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Stephen and April Rollin retained their right to cancel the transaction.

106.    By letter dated August 24, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

22

107.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT IX
## TILA Violations - Rollin

109.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

110.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.    Defendant has violated TILA, with respect to the Rollin Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Stephen and April Rollin respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Rollin Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

23

D)      A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.


**The Stabler Loan**

112.    Plaintiffs Roy and Teresa Stabler are married and, at all material times, resided 819 Edgewood Circle. in Jackson, Alabama.

113.    On or about September 29, 2004, Mr. and Mrs. Stabler obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $78,000.00 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Stabler Loan").

114.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Stabler loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

115.    With respect to the Stabler loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-

Week" "notice" is confusing , has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

116.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Roy and Teresa Stabler retained their right to cancel the transaction.

117.    By letter dated May 17, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

118.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

119.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

**COUNT X**
**TILA Violations - Stabler**

120.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

121.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

122.    Defendant has violated TILA, with respect to the Stabler Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Roy and Teresa Stabler respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Stabler Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

_____

JAMES D. PATTERSON   (PATTJ6485)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile:  251.990.0626
E-mail: jpatterson@alalaw.com

_____

EARL P. UNDERWOOD, JR.   (UNDEE6591)
One of the Attorneys for Plaintiffs
21 South Section St.
Fairhope, Alabama  36532
Telephone: 251.990.5558
Facsimile:  251.990.0626
E-mail: epunderwood@alalaw.com

_____

KENNETH J. RIEMER (RIEMK8712)
One of the Attorney for Plaintiffs
P.O. Box 1206
Mobile AL 36633
Telephone:  (251) 432-9212
Facsimile:  (251) 433-7172
Email:  kjr@alaconsumerlaw.com

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

27